**Order entered December 15, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00469-CR**
**No. 05-22-00470-CR**

**RUBEN OMAR MORENO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Rockwall County, Texas**
**Trial Court Cause Nos. CR18-2212, CR18-2213**

**ORDER**

We **REINSTATE** this appeal.

These cases are appeals from convictions following plea bargains. Although our jurisdiction over appeals from plea bargains is usually limited, the trial court's certifications of appellant's right to appeal indicate the trial court expressly granted appellant permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2)(C).

Appellant's brief is overdue. On November 3, 2022, we ordered the trial court to make findings of fact and recommendations of whether appellant desires

to appeal, or whether appellant or his counsel has abandoned the appeal. The trial court held a hearing on November 17, 2022, pursuant to our order, but neither appellant nor his appointed counsel, Matthew Scott Pillado, appeared. The State's attorney told the trial court that both the court and he had sent appellant's counsel notice of the time and date of the hearing. The trial court took judicial notice of the file. Following the hearing, the trial court made findings of fact and conclusions of law. The findings of fact included that the court's file included notices of the time and date of the hearing sent to appellant's counsel. The trial court concluded that because appellant and his counsel had not appeared at the hearing, appellant and his counsel had abandoned the appeal. The State's attorney's statements that appellant's counsel had notice of the time and date of the hearing support the trial court's conclusion that appellant's counsel had abandoned the appeal, but there is no evidence that appellant personally received notice of the hearing, either from the trial court, his attorney, or the State. Accordingly, we agree with the trial court's conclusion that appellant's counsel has abandoned the appeal, but the record does not support the conclusion that appellant has abandoned the appeal.

Accordingly, we **ORDER** Matthew Scott Pillado removed as appellant's appointed attorney in this case.

We **ORDER** the trial court to appoint new counsel to represent appellant in this appeal and to transmit the order appointing counsel to this Court within **FIFTEEN DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to the Honorable Brian Williams, Presiding Judge, County Court at Law No. 1 of Rockwall County; Matthew Scott Pillado; the Rockwall County District Attorney's Office.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal shall be reinstated fifteen days from the date of this order or when the order appointing new counsel is received.

/s/ ROBERT D. BURNS, III
CHIEF JUSTICE